THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* SAMUEL SOTO ONGAY, Defendant and Appellant.

No. CR-64-310.     Decided March 25, 1965.

*Jorge López Santiago* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Américo Serra, Assistant Solicitor General,* for The People.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

PER CURIAM: Appellant was convicted of operating a motor vehicle on a public highway under the influence of intoxicating liquor.

Upon being arrested by the police about 10:30 in the morning because he had zigzagged, he agreed to have his blood sample taken. The result of the chemical analysis of said blood sample was ten hundredths of one percent by weight of alcohol. The chemist testified that for a person to have ten hundredths of one percent by weight of alcohol in his blood he must have taken five shots of one ounce each of rum 86° proof. In addition to the result of the chemical analysis another evidence for the prosecution was introduced which tended to establish defendant's state of intoxication. His version, partly corroborated by the witness for the prosecution, the police sergeant, was that he had not slept the preceding night because he was at the wake of his dead uncle; that during the night he drank several beers, the last

one at 7:00 o'clock in the morning; that from the wake he drove to his house with some relatives and the zigzag was produced when he tried to avoid a hole in the road; that afterwards when he was taken to police headquarters he continued operating his automobile.

In rendering judgment of conviction, the trial judge apparently did not rely on the other oral evidence as to defendant's condition, but on the result of the chemical analysis and the chemist's testimony. Said magistrate said:

"Defendant, stand up. If the only evidence we had were the fact that at the time of taking the blood sample . . . the blood sample contained ten hundredths—if that were the only issue to decide—but it appears from the evidence before the court that defendant was operating his car about 10:30 a.m. and had taken the last shot of rum, beer, or whatever it may be, around 7:00 o'clock in the morning. That is: according to the expert's testimony and according to the evidence, defendant must have had .18 in the blood when he was operating the vehicle.

"The court finds you guilty and orders you to serve 10 days in jail and suspends your driving license for a period of one year." (Tr. Ev. 85, 86.)

▬ The fact that defendant's blood contained ten hundredths of one percent by weight of alcohol is no basis to presume that defendant was or was not under the influence of intoxicating liquor, although said evidence may be considered jointly with any other competent evidence to determine the guilt or innocence of defendant. However, the trial judge decided that according to the evidence defendant "must have had .18 in the blood when operating his vehicle." The evidence does not support this conclusion. The percentage of alcohol in defendant's blood when operating the motor vehicle was ten hundredths of one percent by weight of alcohol. Defendant was not accused because a few hours prior to his detention by the police he might have been operating a motor vehicle under the influence of intoxicating liquor. The ver-

dict should have been based on defendant's state of intoxication at the time of his detention. The conclusion of the judge fixing in .18 of one percent by weight of alcohol in defendant's blood is purely speculative and may not serve as a basis for his conviction. See *People* v. *Torres Rivera*, 90 P.R.R. 775 (1964).

The judgment appealed from will be reversed and another rendered acquitting the defendant.